IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CODY S. HOWARD                                                                          PLAINTIFF

v.                                        Civil No. 4:18-cv-04116

SHERIFF JACKIE RUNION; WARDEN JEFFIE WALKER;
CAPTAIN GOLDEN ADAMS; SERGEANT J. GUTHRIE;
and SERGEANT SANDERS                                                              DEFENDANTS

# ORDER

Plaintiff Cody S. Howard filed this 42 U.S.C. § 1983 action *pro se* on May 9, 2019. (ECF No. 1). Plaintiff's motion to proceed *in forma pauperis* was granted that same day. (ECF No. 3). Currently before the Court is Plaintiff's failure to obey two Court orders.

On April 29, 2019, Defendants Adams, Guthrie, Runion, Sanders, and Walker filed a Motion for Summary Judgment. (ECF No. 29). The Court subsequently entered an order directing Plaintiff to file a response to Defendants' motion by May 20, 2019. (ECF No. 32). Plaintiff was informed that failure to timely and properly comply with the order would result in this case being dismissed. On May 17, 2019, this order was returned to the Court as undeliverable. The Clerk of Court then resent the order to Plaintiff's address of record, 2308 Schaer Street, Little Rock, Arkansas 72114. (ECF No. 34). To date, Plaintiff has not complied and filed a response to the motion for summary judgment.

On June 13, 2019, the Court entered an order directing Plaintiff to show cause on or before June 24, 2019, as to why he failed to respond to Defendants' motion for summary judgment. (ECF No. 36). This order informed Plaintiff that failure to show cause by June 24, 2019, would subject this case to dismissal without prejudice for failure to obey a Court order. To date, the show-cause order has not been returned as undeliverable and Plaintiff has not responded.

Although *pro se* pleadings are to be liberally construed, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Moreover, Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

The Federal Rules of Civil Procedure also specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the instant case, Plaintiff has failed to obey two Court orders. Neither of these orders have been returned to the Court as undeliverable. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of July, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge